# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 39939 (f rev)** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Paul J. GOLDMAN** | ) | |
| **Airman First Class (E-3)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Special Panel** |

On 20 January 2022, this court issued an opinion remanding the record of trial in Appellant's case to the Chief Trial Judge, Air Force Trial Judiciary, for correction of errors in the entry of judgment (EoJ) as noted in the opinion. *United States v. Goldman*, No. ACM 39939, 2022 CCA LEXIS 43, at *17 (A.F. Ct. Crim. App. 20 Jan. 2022) (unpub. op.). In addition, this court authorized the detailed military judge to correct the record under Rule for Courts-Martial 1112(d) in order to resolve multiple apparent omissions from the record of trial, and to return the record of trial to the convening authority in order to permit her to take action on the sentence. *Id.* at *17–18.

On remand, the convening authority signed a new decision on action which, *inter alia*, approved the adjudged sentence, and the military judge issued a certificate of correction to resolve the apparent omissions from the record. In addition, the military judge signed a new EoJ dated 29 March 2022 which stated that three specifications had been withdrawn and dismissed with prejudice after arraignment, where the "with prejudice" language had been omitted from the original EoJ. However, the new EoJ did not correct several other errors identified in this court's opinion, specifically:

• The EoJ incorrectly states the convening authority deferred "all of the adjudged" forfeitures. First, the military judge adjudged no forfeitures. Second, the convening authority's decision on action memorandum correctly omitted any reference to adjudged forfeitures when addressing the question of deferral.

• The convening authority deferred Appellant's reduction to the grade of E-1 from 14 days after announcement of sentence until the date of the EoJ. The EoJ omits the convening authority's decision on deferral of reduction in grade. Instead, the EoJ repeats a statement, which is partially incorrect, regarding deferral of forfeitures.

• The convening authority waived the automatic forfeitures of all pay and allowances for a period of six months or release "of" confinement, whichever is sooner, and directed the forfeitures be paid to MP for the benefit of Appellant's dependent child. However, the EoJ only states that the "pay" was directed to be paid to MP, rather than the "total pay and allowances."

• The reprimand in the EoJ misspells United States Air Force. It is correctly spelled in the convening authority's decision on action memorandum.

*Id.* at *13–14.

The record of trial was re-docketed with this court on 4 April 2022. On 19 July 2022, Appellant submitted the case to this court "on its merits with no specific assignments of error."

On 12 August 2022, this court issued an order to the Government to show good cause as to why we should not again remand the record of trial to the Air Force Trial Judiciary for correction of the EoJ in accordance with this court's prior decree. On 26 August 2022, the Government provided a timely answer to the show cause order. The Government acknowledged the new EoJ "did not correct four errors identified by this [c]ourt in its 20 January 2022 opinion," but opined this court should itself "make the corrections for the purpose of judicial economy."

Accordingly, it is by the court on this 30th day of August, 2022,

**ORDERED:**

The record of trial is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction of the EoJ in accordance with this court's prior opinion, as explained above. Article 66(g), UCMJ, 10 U.S.C. § 866(g); Rule for Courts-Martial 1111(c)(3); *see Goldman*, unpub. op. at *13–14, 17. Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66, UCMJ, 10 U.S.C. § 866. Appellate counsel for the Government shall inform the court not later than 30 September 2022, in writing, of the status of compliance with the court's order unless the record of trial has been returned to the court prior to that date.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court